UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGUS JAMES TONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-00386-JPH-MJD |
| | ) |
| RICHARD BROWN Former Superintendent | ) |
| at Wabash Valley Correctional Facility, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Angus Toney, an inmate at Wabash Valley Correctional Facility ("WVCF"), filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Toney is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names eighteen defendants: (1) Richard Brown; (2) Kevin Gilmore; (3) Michael Osborn; (4) Frank Littlejohn; (5) Jerry Snyder; (6) Randall Purcell; (7) Charles Dugan; (8) Joshua Collins; (9) Matt Leohr; (10) Bruce Lemmon; (11) Robert Carter; (12) Jack Hendrix; (13) Jordeana Raney; (14) Randy VanVleet; (15) Robbie Marshall; (16) Travis Davis; (17) Andrea Stroup; and (18) Dusty Russell. Mr. Toney seeks compensatory and punitive damages.

According to his complaint, Mr. Toney was held in solitary confinement at WVCF from November 7, 2014, to January 22, 2019, i.e. four years and two-and-a-half months. During that time, Mr. Toney alleges that he was not afforded meaningful review to determine whether he should remain in solitary confinement.

Mr. Toney further alleges that the conditions in solitary confinement were cruel and unusual. He states he was confined to his cell for 23 hours a day and constantly exposed to loud noises. During the winter, he was forced to take cold showers and would be locked in the cold shower area for prolonged periods. When out of his cell, he was handcuffed, shackled, and walked on a leash. Mr. Toney also alleges that prison staff failed to protect him from other inmates in solitary who threw bodily waste that would land on him. Mr. Toney believes that his prolonged confinement worsened his chronic back pain and caused anxiety, stress, and ocular muscle atrophy.

Mr. Toney believes that commissioners Lemmon and Carter, regional director Osborn, and director of classification Hendrix are responsible for his injuries because they promulgated policies and supervised employees with respect to offender classification and placement.

Mr. Toney believes that the defendants employed at WVCF (defendants Brown, Kevin Gilmore, Littlejohn, Snyder, Beverly Gilmore, Purcell, Dugan, Collins, Leohr, Raney, VanVleet, Marshall, Davis, Stroup, and Russell) are responsible for his injuries because they denied meaningful review, completed pro forma reviews, or failed to ensure that proper reviews were taking place. Mr. Toney believes these defendants were deliberately indifferent to his conditions of confinement in segregation and failed to intervene to improve those conditions.

### III. Discussion of Claims

Mr. Toney's Eighth Amendment conditions-of-confinement claims and Fourteenth Amendment due process claims **shall proceed** as submitted against all defendants with the exception of Bruce Lemmon.

According to his complaint, Bruce Lemmon was the Commissioner of the Indiana Department of Correction ("IDOC") from January 17, 2011, to November 30, 2016. Any claims against Mr. Lemmon are barred by the statute of limitations. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4. Mr. Toney's complaint was filed on July 27, 2020. Mr. Toney's claims against Mr. Lemmon accrued on November 30, 2016, when Mr. Lemmon left IDOC employment. *See Wilson v. Wexford Health Sources*, 932 F.3d 513, 518 (7th Cir. 2019) (noting—even if a claim is based on a continuing violation—once a defendant leaves the institution, he no longer has the power to affect the plaintiff's situation, and "[t]he date of the

defendant's departure thus marks the last possible time when the claim might have accrued."). Because Mr. Toney's complaint was filed more than two years after Mr. Lemmon's departure from IDOC, all claims against Mr. Lemmon are **dismissed**.

This summary of claims includes all the viable claims identified by the Court. If Mr. Toney believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 23, 2020**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Richard Brown; (2) Kevin Gilmore; (3) Michael Osborn; (4) Frank Littlejohn; (5) Jerry Snyder; (6) Randall Purcell; (7) Charles Dugan; (8) Joshua Collins; (9) Matt Leohr; (10) Robert Carter; (11) Jack Hendrix; (12) Jordeana Raney; (13) Randy VanVleet; (14) Robbie Marshall; (15) Travis Davis; (16) Andrea Stroup; and (17) Dusty Russell in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The clerk **is directed to terminate** defendant Bruce Lemmon from the docket.

**SO ORDERED.**

Date: 9/29/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

ANGUS JAMES TONEY
162450
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to IDOC employees at Wabash Valley Correctional Facility:
Richard Brown;
Kevin Gilmore;
Michael Osborn;
Frank Littlejohn;
Jerry Snyder;
Randall Purcell;
Charles Dugan;
Joshua Collins;
Matt Leohr;
Robert Carter;
Jack Hendrix;
Jordeana Raney;
Randy VanVleet;
Robbie Marshall;
Travis Davis;
Andrea Stroup; and
Dusty Russell